WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henderson Jordan,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-14-00747-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus on the sole issue of whether Petitioner is entitled to go before the parole board. Doc. 5. While this is Petitioner's third habeas petition, the Ninth Circuit Court of Appeals has held that this is not a successive petition as to only this parole issue. As this Court previously noted:

> Attached to Petitioner's current § 2254 Petition is an Order from the Ninth Circuit Court of Appeals regarding the application for authorization to file a second or successive petition that Petitioner filed in *Jordan v. Credio*, 13-73614 (9th Cir.). In the Order (Doc. 11 in 13-73614), the Ninth Circuit stated that appellate authorization is unnecessary regarding Petitioner's claim that "the Arizona Department of Corrections denied petitioner his right to a parole hearing when petitioner's Inmate Grievance Appeal was denied on February 22, 2012[, b]ecause petitioner could not have raised this claim at the time he filed his February 1, 2011, habeas petition." The Ninth Circuit instructed Petitioner that he must provide the district court with a copy of the order if he filed "a habeas petition . . . challenging his right to a parole hearing." With respect to all other claims raised in the application for authorization, the Ninth Circuit denied Petitioner authorization to file a second or successive petition.

Doc. 2.

On June 17, 2015, the Magistrate Judge to whom this case is assigned issued a Report and Recommendation (R&R) recommending that this third Petition for Writ of Habeas Corpus, as amended, be denied[1] because Petitioner did not exhaust the parole claim in state court; and, alternatively, even if he did exhaust, his claim is nonetheless procedurally defaulted. Doc. 20 at 12-14. Finally, the R&R finds that Petitioner cannot show cause and prejudice to overcome this default. Doc. 20 at 15.

Petitioner objects[2] to the R&R's conclusion that he did not exhaust this claim. Doc. 23 at 2. Specifically, Petitioner argues in his objections that he exhausted his <u>second</u> petition for post-conviction relief in the state courts. *Id*. However, the R&R finds that Petitioner raised the parole claim that is the subject of this habeas Petition in his <u>third</u> post-conviction relief petition in state court. Doc. 20 at 14. Petitioner does not address in his objections whether he exhausted his third petition for post-conviction relief in state court. This Court agrees with the R&R that to the extent the parole claim was raised in the state court, it was raised in Petitioner's third petition for post-conviction relief.

Regardless of exhaustion, the R&R is correct that Petitioner's second and third post-conviction relief petitions were denied on procedural grounds in state court and, therefore, the claims in each of those petitions are now defaulted. Doc. 15 at 14-15. Additionally, Petitioner has not shown cause to overcome this default. *Id*. at 15.

Petitioner argues that the Ninth Circuit Court of Appeals has already held that this parole claim was not ripe until 2012. Thus, Petitioner argues that the Court of Appeals' holding should be cause for not raising this claim in state court in a procedurally timely manner. Doc. 23 at 3. While Petitioner is correct that the Ninth Circuit Court of Appeals reached this ripeness conclusion in the habeas context, the Ninth Circuit Court of Appeals cannot overturn the state court's finding that this claim needed to be raised in Petitioner's

---

[1] This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] The district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009).

original post-conviction relief petition and in a timely manner under state law. Thus, the Ninth Circuit Court of Appeal's decision does not change the state court's finding that raising this parole claim in either 2011 (second post-conviction relief petition) or 2012 (third post-conviction relief petition) was procedurally improper under state law.[3] Accordingly, this Court agrees with the R&R that Petitioner has not shown cause to overcome this default.

Alternatively, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Here, the state of Arizona abolished parole in 1993 by a statute with an effective date of January 1, 1994. Doc. 15 at 14. Petitioner committed the offenses for which he is currently in custody on April 6, 1994. *Id.* Therefore, Petitioner is not eligible under Arizona law for parole or to go before the parole board, and his Petition fails on the merits.[4]

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 20) is accepted and adopted. Petitioner's objections (Doc. 23) are overruled. The Petition (as amended) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural

---

[3] While the Ninth Circuit Court of Appeals held that that this claim was not ripe until 2012, Petition is arguing in his objections that he exhausted this claim in state court in his second post-conviction relief petition in 2011. This further shows why the Ninth Circuit Court of Appeals' finding of ripeness for purposes of habeas does not determine when something became ripe for purposes of filing in state court. However, as stated above, this Court finds that Petitioner actually raised this claim in his third petition for post-conviction relief in state court.

[4] The fact that the Arizona Legislature amended the parole statutes for people who committed offenses before January 1, 1994, after Petitioner committed his offenses on April 6, 1994, has no impact on Petitioner who is not in the before-January 1, 1994 offense group. *See generally* Doc. 15 at 14-16.

bar and jurists of reason would not find this Court's procedural ruling debatable, s*ee* *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 1st day of September, 2015.

James A. Teilborg
Senior United States District Judge