WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Henderson Jordan, | No. CV-14-00747-PHX-JAT |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

On September 1, 2015, this Court denied Petitioner's Petition for Writ of Habeas Corpus and entered judgment on the Petition. (Docs. 24 and 25). Petitioner did not appeal. Beyond the deadlines for filing motions for reconsideration (14 days under Local Rule Civil 7.2(g)) or motions to alter or amend judgment (28 days under Federal Rule of Civil Procedure 59(e)), Petitioner filed a "motion to reopen" on January 15, 2016. (Doc. 27). Respondent did not respond to the motion.

Petitioner claims to seek relief under Federal Rules of Civil Procedure 60(b)(1), 60(b)(3), and 60(b)(6). The former two Rules have a one year statute of limitations from the entry of judgment. Fed. R. Civ. Pro. 60(c)(1).

Preliminarily, the Court has read the entire motion, and notes that Petitioner makes no actual argument under Federal Rules of Civil Procedure 60(b)(1), 60(b)(3) or 60(b)(6). Instead Petitioner argues for reconsideration of this Court's September 1, 2015 Order. Thus, what Petitioner filed is an untimely motion under Federal Rule of Civil Procedure 59, which this Court does not have discretion to consider. *See Carter v. United States*,

973 F.2d 1479, 1488 (9th Cir. 1992). The Court could deny the motion on this basis.

Nonetheless, turning to Federal Rule of Civil Procedure 60(b)(1), neither party has made any argument of mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. Pro. 60(b)(1). However, Petitioner has alleged various factual and legal errors.

> "The Ninth Circuit has specifically recognized that errors of law are cognizable under Rule 60(b). *See Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438, 441 (9th Cir.1982). It has also noted that, where the legal error is a mistake by the court, Rule 60(b)(1) is applicable. *See id.*; *see also In re Int'l Fibercom, Inc.,* 503 F.3d 933, 941 n.7 (9th Cir. 2007)."

*Prado v. Quality Loan Serv. Corp.*, No., 2014 WL 2119864, at *2 (N.D. Cal. May 21, 2014).

When considering "mistake" the Court must consider four factors. *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009). Specifically, "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Servs.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). Since neither party made any argument regarding any of these factors, it is very difficult for the court to apply them. However, to the extent obtaining relief under Rule 60(b)(1) is the movant's burden, Petitioner has failed to show that any of these factors weigh in his favor. Accordingly, relief under Federal Rule of Civil Procedure 60(b)(1) is denied.

Although the Petitioner cited Federal Rule of Civil Procedure 60(b)(3), the Court will not consider fraud, misrepresentation, or misconduct by the opposing party, because there is no evidence or argument showing the presence of these issues. *See* Fed. R. Civ. Pro. 60(b)(3).

Finally, although the Court deems this to be an untimely motion under Federal Rule of Civil Procedure 59, the Court will nonetheless consider the merits under Federal Rule of Civil Procedural 60(b)(6). "Rule 60(b)(6) should be 'used sparingly as an equitable remedy to prevent manifest injustice'" and should be used only in "'extraordinary circumstances to prevent or correct an erroneous judgment.'" *In re Int'l*

*Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (citing *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).

As indicated above, the Court has reviewed the entire motion. The motion simply reargues matters that this Court already considered, de novo, in ruling on Petitioner's objections to the Report and Recommendation. *See* (Doc. 24 at 2, n. 2). Nothing in the motion justifies relief for all of the reasons stated in the Order of September 1, 2015. Accordingly, to the extent Petitioner has filed a proper motion under Federal Rule of Civil Procedure 60(b)(6), relief is denied.

In his motion, Petitioner also seeks appointment of counsel. For the reasons stated above, the currently pending motion is untimely and, alternatively, without merit. Thus, appointment of counsel is denied because Petitioner will not succeed on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

On February 4, 2016, Petitioner requested to amend his pending motion to add a request for a certificate of appealability. The Court permits the request to amend, but denies a certificate of appealability. Petitioner was required to timely appeal this Court's judgment of September 1, 2015, and nothing in the pending motion renews or revives that expired deadline. *See Sears, Sucsy & Co. v. Insurance Co. of N. America*, 392 F. Supp. 398, 409 (N.D. Ill. 1974). Further, the motion to reopen is without merit for the reasons stated in the September 1, 2015 Order; thus, a certificate of appealability is denied for the reasons stated in the September 1, 2015 Order.

Based on the foregoing,

**IT IS ORDERED** that the motion to reopen case and motion for appointment of counsel (Doc. 27) is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

1    **IT IS FURTHER ORDERED** that the motion to amend the motion to reopen
2    (Doc. 28) is granted to the extent that the Court permits amendment to add the request for
3    a certificate of appealability, but the request for a certificate of appealability is denied.
4    Dated this 8th day of July, 2016.

James A. Teilborg
Senior United States District Judge